**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LOUIS D. CRAFT, JR.,

      Plaintiff - Appellant,

v.

GLOBAL EXPERTISE IN
OUTSOURCING; MARY BRAZIEL,
Case Manager; MICHAEL PLUME, Unit
Manager,

      Defendants - Appellees.

No. 14-6241
(D.C. No. 5:12-CV-01133-R)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellant Louis Craft, Jr. appeals pro se[1] from the district court's grant of summary judgment in favor of defendant-appellees Global Expertise in Outsourcing (GEO), Michael Plume, and Mary Braziel (collectively, Defendants). The district court granted Defendants' motion for summary judgment on the basis that Mr. Craft failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

At all times relevant to this appeal, Mr. Craft was incarcerated at the Lawton Correctional Facility (LCF) in Lawton, Oklahoma. LCF is a private prison under contract with the Oklahoma Department of Corrections. GEO owns and operates LCF, where Mr. Plume and Ms. Braziel are employed.

Mr. Craft alleges LCF authorities, including Mr. Plume and Ms. Braziel, deprived him of soap in January 2012. According to Mr. Craft, he developed a rash and "black sores" under his arms and between his legs as a result of the deprivation. Mr. Craft claims he requested soap from Mr. Plume and Ms. Braziel during the last week of January 2012, but his requests were denied.

After filing numerous documents through LCF's administrative grievance process, Mr. Craft filed a complaint pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Western District of Oklahoma, alleging violations of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution, as well as a claim

---

[1] Because Mr. Craft proceeds pro se, we construe his filings liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

for negligence under Oklahoma law. The district court referred the matter to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b). Mr. Craft and Defendants each moved for summary judgment. Following briefing, the magistrate judge prepared a Report and Recommendation in which he recommended the district court grant Defendants' motion for summary judgment, deny Mr. Craft's motion, and decline to exercise jurisdiction over Mr. Craft's state-law negligence claim. The magistrate judge based his recommendation on his conclusion that Mr. Craft had failed to exhaust his administrative remedies as required by the PLRA. Mr. Craft filed an Objection to the Report and Recommendation. The district court considered Mr. Craft's Objection, but ultimately adopted the magistrate's Report and Recommendation and granted Defendants' motion for summary judgment.

Mr. Craft then filed a motion to alter or amend the district court's order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Mr. Craft argued the district court should have excused his failure to exhaust his administrative remedies because LCF officials thwarted his attempts to exhaust. After considering Mr. Craft's arguments, the district court found no clear error or manifest injustice and denied Mr. Craft's motion to alter or amend.

On appeal, Mr. Craft challenges the district court's conclusion that he failed to exhaust his administrative remedies. He also renews his argument that any failure to exhaust should be excused because LCF officials prevented him from complying. We have reviewed the record before the district court, as well as the magistrate judge's thorough and detailed Report and Recommendation. For substantially the same

3

reasons cited by the magistrate judge and adopted by the district court, we agree that Mr. Craft failed to properly exhaust his administrative remedies and that such failure was not the result of prison officials' actions. Accordingly, we AFFIRM the grant of summary judgment in favor of Defendants. We further DENY Mr. Craft's motion to proceed in forma pauperis and remind Mr. Craft that he remains obligated to pay the full filing fee.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

4