FILED
United States Court of Appeals
Tenth Circuit

July 12, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

LOUIS DOUGLAS CRAFT, JR.,

     Plaintiff - Appellant,

v.

GLOBAL EXPERTISE IN
OUTSOURCING; MARY BRAZIEL,
Case Manager; MICHAEL PLUME, Unit
Manager,

     Defendants - Appellees.

No. 16-6034
(D.C. No. 5:12-CV-01133-R)
(W.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

    Louis Craft appeals the district court's resolution of four motions that Craft

filed after this court affirmed the district court's earlier order granting the

defendants' motion for summary judgment in the underlying action. Because the

district court didn't abuse its discretion in resolving Craft's motions, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

In 2013, Craft, a pro se[1] prisoner, filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Global Expertise in Outsourcing, Mary Braziel, and Michael Plume. In September 2014, the district court granted the defendants' motion for summary judgment based on Craft's failure to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). In April 2015, we affirmed. *Craft v. Glob. Expertise in Outsourcing*, 601 F. App'x 748, 750 (10th Cir. 2015) (unpublished). Craft then filed several motions in district court, including the four motions that are the subject of this appeal.

First, Craft filed a Fed. R. Civ. P. 60(b)(1) motion, in which he asked the district court to set aside one district court judgment and three district court orders based on his belief that a "mistake" occurred during his appeal from those rulings. *See* Fed. R. Civ. P. 60(b)(1) (permitting court to grant relief from a judgment or order because of mistake). Specifically, he asserted that our decision in *Craft*, 601 F. App'x 748, was "unfairly obtained" and based on a "substantive mistake of law" because the defendants' counsel intercepted and altered Craft's opening appellate brief.[2] R. vol. 1, 271-75. Absent that "mistake," Craft argued, we would have reversed the district court's rulings that he challenged on appeal. Second, Craft filed a motion to compel discovery to support his Rule 60(b)(1) motion. On January 11, 2016, the district court struck both motions, citing

---

[1] Because Craft proceeds pro se on appeal, we liberally construe his filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we won't act as his advocate. *See id.*

[2] Craft previously filed a similar post-appeal motion in district court seeking relief under Rule 60(b)(3) based on alleged fraud and misconduct by opposing counsel. Craft didn't appeal the denial of his Rule 60(b)(3) motion.

its lack of authority to set aside our decision in *Craft*, 601 F. App'x 748, and finding the motions untimely. Third, Craft filed a motion seeking leave to file a supplemental Rule 60(b)(1) motion and to file a supplemental motion to compel discovery. The district court denied the motion, noting the denial was consistent with its January 11 order. Fourth, Craft filed a Fed. R. Civ. P. 59(e) motion asking the district court to alter or amend its January 11 order.[3] The district court denied the Rule 59(e) motion for the same reasons set forth in its January 11 order.

In this appeal, Craft argues that the district court abused its discretion in (1) striking his Rule 60(b)(1) motion, (2) striking his related motion to compel discovery, (3) denying his motion for leave to supplement both motions, and (4) denying his Rule 59(e) motion. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013) (noting that we review district court decisions under both Rule 60(b) and Rule 59(e) for abuse of discretion).

We find no abuse of discretion in any of the district court's rulings. In his Rule 60(b)(1) motion, Craft sought relief from the district court's judgment dated September 19, 2014, and its orders dated May 30, 2014; September 9, 2014; and December 1, 2014. He also referenced our April 2015 decision in *Craft*, 601 F. App'x 748. The district court struck the Rule 60(b)(1) motion, concluding that (1) it lacked authority to set aside an appellate decision and (2) the motion was untimely.

---

[3] Craft's Rule 59 motion also requested a new trial under Rule 59(b). But this case never proceeded to trial. Thus, Rule 59(b) doesn't apply.

Craft argues his Rule 60(b)(1) motion was timely because he filed the motion within a year of our April 2015 decision. But even construing Craft's motion as timely, Craft makes no effort to establish that the district court had authority to set our decision aside. *See* Fed. R. App. P. 28(a)(8)(A) (requiring appellant to state contentions for reversal and reasons for them). Thus, the district court didn't abuse its discretion in striking Craft's Rule 60(b)(1) motion and denying his Rule 59(e) motion to the extent those motions sought to set aside our April 2015 decision.

Nor did the district court abuse its discretion in concluding that Craft's Rule 60(b)(1) motion was untimely as to the district court judgment and orders he challenged in that motion. Craft filed his Rule 60(b)(1) motion on December 14, 2015, more than a year after the latest order identified in his motion. *See* Fed. R. Civ. P. 60(c)(1) (requiring Rule 60(b)(1) motion to be filed "no more than a year after the entry of the judgment or order").[4]

Moreover, because the district court didn't abuse its discretion in striking Craft's Rule 60(b)(1) motion and denying his Rule 59(e) motion, we necessarily reject Craft's

---

[4] On appeal, Craft correctly notes that allegations of fraud on the court—as opposed to fraud on a party—aren't subject to Rule 60(c)(1)'s one-year time limit. *See* Fed. R. Civ. P. 60(d)(3) (explaining that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court"); *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) ("Fraud on the court claims . . . are exempt from the one year time-period . . . ."). But Craft never referenced fraud on the court in his Rule 60(b)(1) motion. Instead, in his Rule 60(b)(1) motion he expressly asked the district court to set aside various orders and judgments "for 'mistake.'" R. vol. 1, 268. And a Rule 60(b)(1) motion alleging "mistake" is subject to Rule 60(c)(1)'s one-year time limit. Moreover, while Craft did mention a "fraud on the Court" in his Rule 59(e) motion, R. vol. 1, 427, he nevertheless reiterated that he was "promot[ing] his fraud claim through Rule 60(b)(1)" as a "mistake." *Id.* at 429.

assertions that the district court abused its discretion in denying Craft's related motions seeking discovery and leave to file supplemental motions pursuant to his Rule 60(b)(1) motion.

Affirmed.[5]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[5] After briefing in this appeal, Craft filed a motion to strike his opening brief. We deny that motion. Finally, we grant Craft's motion to proceed in forma pauperis and remind him of his obligation to continue making payments until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b).